**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>BEILE LI,<br><br>　　　　　　　　　Defendant. | Adv. Proceeding No. 24-05133<br><br>June 28, 2024 |

**DEFENDANT BEILE LI'S RESPONSE TO MOTION TO EXEMPT AVOIDANCE CLAIMS FROM MEDIATION PROCEEDINGS**

Defendant Beile Li respectfully responds to Plaintiff, Luc A. Despins' Motion to Exempt Mr. Li from mediation proceedings pursuant to the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Main Case ECF No. 3163] (the "Mediation Proceedings Order").

Between February 9 and 15, 2024, Plaintiff commenced approximately 270 Avoidance Actions, otherwise known as adversary proceedings, to avoid and recover certain prepetition and post-petition transfers stemming from the bankruptcy of Ho Wan

Kwok. Plaintiff, in his capacity as Chapter 11 Trustee, then moved to modify the Avoidance Action Procedures to provide for the inclusion of certain procedures governing proposed mediation of Avoidance Actions. [Main Case ECF No. 3003]. Plaintiff proposed that a uniform, non-binding mediation process supervised by U.S. Bankruptcy Court Judge James J. Tancredi would promote the expeditious resolution of the Avoidance Actions while reducing the burdens of litigation. *Id.* at 3. After careful consideration and consultation with counsel, Mr. Li agreed to participate in the proposed mediation without objection. Undersigned counsel participated in the April 23, 2024 hearing, where appearance on behalf of Mr. Li was announced in open court. On May 2, 2024, this Court granted the Motion, and on May 10, 2024, Plaintiff filed the approved Notice of Entry of Avoidance and Mediation Procedures Order in the instant case, which directed Mr. Li to participate in the mediation before Judge Tancredi. On May 17, 2024, Plaintiff filed a Notice of Avoidance Defendants as to which Mediation Referrals Have Occurred in the Main Case, listing 45 defendants, including Mr. Li. [Main Case ECF No. 3200]. On May 29, 2024, less than a week before the initial presentation before Judge Tancredi, Plaintiff filed the subject Motion to retroactively Exempt Mr. Li.

Plaintiff's proposed Mediation Proceedings explicitly excluded a list of Avoidance Defendants set forth in Exhibit 3 to its Motion. Of note, Plaintiff's proposed list of Avoidance Defendants not automatically subject to mediation included ninety-one (91) individuals and entities but did ***not*** include Mr. Li. Although the instant Motion to Exempt Mr. Li from mediation expresses clearly the Plaintiff's disdain for Mr. Li, it fails to explain why Mr. Li was omitted in the first place from Exhibit 3 given Plaintiff's familiarity. Nor does Plaintiff even acknowledge his apparent error.

Mr. Li is a good faith transferee in that he gave value in exchange for each transfer at issue in the above captioned matter.  Nor does Mr. Li agree that the transferor entities at issue constitute the alter ego of Mr. Kwok.  Nevertheless, Plaintiff's belief that including Mr. Li in Mediation Proceedings would not have had "realistic prospects to resolve the Trustee's claims" is unfounded.  *See* Motion at 3.  Mr. Li *is* interested in resolving the claims against him through good faith negotiations short of litigation.  That said, Mr. Li does not object to his exemption from mediation proceedings supervised by U.S. Bankruptcy Court Judge James J. Tancredi to the extent that counsel for Plaintiff has represented that the parties can engage in their own private settlement discussions.

Moreover, Plaintiff exaggerates Mr. Li's intertwinement with the Debtor and his role in the FARA action.  *See* Motion at 2-3.  Undersigned counsel recently appeared in the United States Court of Appeals for the Second Circuit's appeal of the underlying FARA action, in which Mr. Li's participation was the result of manipulation by his then counsel.  The sole purpose of undersigned counsel's appearance was to explain that Mr. Li's inclusion in the appeal was effected without his authority, such that Mr Li should be withdrawn as an appellant.  *See* Exhibit A.

## CONCLUSION

Mr. Li's participation in the Mediation Proceedings would not have threatened to disrupt those proceedings for other participants.  Notwithstanding, Mr. Li does not object to his exemption from those proceedings at this time.

                                        DEFENDANT:
                                        BEILE LI

By:     /s/Ivan J. Ladd-Smith
           Ivan J. Ladd-Smith (ct30972)
           Joseph W. Martini (ct07225)
           Spears Manning & Martini LLC
           2425 Post Road, Suite 203
           Southport, CT 06890
           Tel: 203-292-9766
           Fax: 203-292-9682
           ladd-smith@spearsmanning.com
           jmartini@spearsmanning.com
           *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 28, 2024, the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned adversary proceeding by operation of the Court's electronic filing ("CM/ECF") system. Parties may access this filing through the Court's CM/ECF system.

/s/Ivan J. Ladd-Smith
Ivan J. Ladd-Smith