## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HO WAN KWOK, *et al.*, | : | Case No. 22-50073 |
|     Debtors. | : | |
| | : | |
| LUC A. DESPINS, CHAPTER 11 | : | Adv. Proceeding No. |
| TRUSTEE, | : | 24-05133 |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| BEILE LI, | : | August 16, 2024 |
|     Defendant. | : | |
| | : | |

### DEFENDANT BEILE LI's ANSWER AND AFFIRMATIVE DEFENSES

Defendant Beile Li hereby files his Answer and Affirmative Defenses to the Adversary Complaint of the Chapter 11 Trustee dated February 12, 2024.

### NATURE OF ACTION

1. Deny knowledge or information sufficient to form a belief about the allegations in this paragraph and leave Plaintiff to his proof.

2. Deny that Lexington Property and Staffing Inc. ("Lexington"), Rule of Law Foundation III Inc. ("Rule of Law"), and Rule of Law Society IV Inc. ("Rule of Law Society") are alter ego shell companies of the Debtor. Except as so stated, deny knowledge or information sufficient to form a belief about the remaining allegations in this paragraph and leave Plaintiff to his proof.

3. Deny.

4. Deny.

5. Deny.

### JURISDICTION AND VENUE

6. Admit.

1

7. Admit.

8. This paragraph sets forth legal conclusions as to which no response is required.

## THE PARTIES

9. Admit.

10. Deny.

## FACTS

**A.  Chapter 11 Case**

11. Admit.

12. Admit.

13. Deny that Lexington, Rule of Law Society, and Rule of law are alter ego shell companies of the Debtor.  Except as so stated, neither admit nor deny as the bankruptcy schedules speak for themselves.

14. Neither admit nor deny as the Bankruptcy Court orders speak for themselves.

**B.  Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

15. Deny that Lexington, Rule of Law Society and Rule of Law are alter ego shell companies of the Debtor.  Except as so stated, deny knowledge or information sufficient to form a belief about the remaining allegations in this paragraph and leave Plaintiff to his proof.

16. Admit that the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case.  Except as so stated, deny knowledge or information sufficient to form a belief about the remaining allegations in this paragraph and leave Plaintiff to his proof.

17. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

**C.    Debtor's Conduct to Hinder, Delay, and/or Defraud Creditors**

18.    Neither admit nor deny as findings made by the Bankruptcy Court speak for themselves.

19.    Neither admit nor deny as findings made by the Bankruptcy Court speak for themselves.

20.    Neither admit nor deny as findings made by the United States District Court for the Southern District of New York speak for themselves.

21.    Admit that PAX sued the Debtor in the Supreme Court of the State of New York, and that it obtained a judgment that it sought to enforce, and that the Debtor incurred contempt penalties.  Except as so stated, deny knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and leave Plaintiff to his proof.

22.    Deny that Lexington, Rule of Law Society and Rule of Law are alter egos of the debtor.  Except as so stated, deny knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and leave Plaintiff to his proof.

23.    Neither admit nor deny as the transcripts of the Debtor's testimony before the Bankruptcy Court and the Debtor's bankruptcy schedules speak for themselves.

24.    Admit that the Debtor was arrested in March 2023.

25.    Neither admit nor deny as the indictment of the Debtor speaks for itself.

26.    Deny.

27.    Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

**D.     Debtor's Shell Game and Fraud Continues Postpetition**

28.     Deny that Lexington, Rule of Law Society, and Rule of Law are alter egos of the Debtor.  This paragraph otherwise sets forth legal conclusions to which no response is required.

29.     Deny that Rule of Law is an alter ego shell company of the Debtor.  Except as so stated, deny knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and leave Plaintiff to his proof.

30.     Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

**E.     Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

31.     Deny that Lexington, Rule of Law Society, and Rule of Law are alter ego shell companies of the Debtor.  Except as so stated, deny knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and leave Plaintiff to his proof.

32.     Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

33.     Admit that Debtor faced multiple felony fraud, money laundering, and racketeering charges in a criminal case pending in the United States District Court for the Southern District of New York.  Except as so stated, deny knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and leave Plaintiff to his proof.

34.     Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

**F.     Transfers to Defendant**

35.     Deny that Lexington, Rule of Law Society, and Rule of Law are alter ego shell companies of the Debtor.  Except as so stated, deny knowledge or

information sufficient to form a belief as to the remaining allegations in this paragraph and leave Plaintiff to his proof.

36. Deny that Rule of Law is a shell company of the Debtor. Except as so stated, deny knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and leave Plaintiff to his proof.

37. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

38. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

## FIRST CLAIM

**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

39. Repeat answers to paragraphs 1-38 above as if fully set forth herein.

40. Deny.

41. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof. With respect to the subparts a—g of this paragraph:

    a. Deny.

    b. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

    c. Deny.

    d. Deny.

    e. Deny.

    f. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

    g. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

42. Deny.

## SECOND CLAIM

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

43. Repeat answers to paragraphs 1-42 as if fully set forth herein.

44. Deny.

45. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof. With respect to the subparts a—g of this paragraph:

    a. Deny.

    b. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

    c. Deny.

    d. Deny.

    e. Deny.

    f. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

    g. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

46. Deny.

## THIRD CLAIM

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550 (a))**

47. Repeat answers to paragraphs 1-46 as if fully set forth herein.

48. Deny.

49. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

50. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

51. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

52. Deny.

## FOURTH CLAIM

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

53. Repeat answers to paragraphs 1-52 as if fully set forth herein.

54. Deny.

55. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

56. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

57. Deny knowledge or information sufficient to form a belief as to the allegations in this paragraph and leave Plaintiff to his proof.

58. Deny.

## FIFTH CLAIM

**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

59. Repeat answers to paragraphs 1-58 as if fully set forth herein.

60. Deny.

61. Admit.

62. Deny that the Postpetition Transfers were not authorized by the Bankruptcy Code. Deny knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and leave Plaintiff to his proof.

63. Deny.

64. Deny.

65. Deny.

7

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

### **Second Affirmative Defense**

Plaintiff lacks standing to bring claims based on alter ego, veil-piercing, or reverse veil piercing.

### **Third Affirmative Defense**

Plaintiff fails to plead facts to support claims based on alter ego, veil-piercing, or reverse veil-piercing, such that Plaintiff cannot show that alleged transfers were property of the Debtor's estate.

### **Fourth Affirmative Defense**

Plaintiff cannot rely on default judgments to support claims based on alter ego, veil-piercing, or reverse veil-piercing, such that Plaintiff cannot show that alleged transfers were property of the Debtor's estate.

### **Fifth Affirmative Defense**

Plaintiff failed to provide Defendant with unredacted copies of pleadings that he alleges to be incorporated by reference into his Complaint, thus failing to provide Defendant with notice thereof.

### **Sixth Affirmative Defense**

Transferors received reasonably equivalent value in consideration for all transfers to Defendant such that the transfers were not fraudulent.

Respectfully submitted,

*/s/ Joseph W. Martini*
Joseph W. Martini (ct07225)
Ivan J. Ladd-Smith (ct30972)
Spears Manning & Martini LLC
2425 Post Road, Suite 203
Southport, CT 06890
Tel: 203-292-9766
Fax: 203-292-9682
jmartini@spearsmanning.com
ladd-smith@spearsmanning.com

*Counsel for Defendant Beile Li*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2024, a copy of the foregoing was filed electronically and notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties in interest may access this document through the Court's CM/ECF System.

*/s/ Joseph W. Martini*
Joseph W. Martini